UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

---

JEROME UFFNER, as Personal )
Representative of the )
Estate of JUDITH UFFNER, )
                                 )
            Plaintiff, )
                                 )  CIVIL ACTION
v. )  NO. 3:09-cv-13402-WGY-HTS
                                 )
PHILIP MORRIS USA INC., )
                                 )
           Defendant. )

---

MEMORANDUM

YOUNG, D.J.                              September 22, 2014

## I.    INTRODUCTION

This cause is before the Court on the defendants' motion for summary judgment, Defs.' Mot. Summ. J. Based Pl.'s Opt Out Engle Class ("Defs.' Mot."), ECF No. 24, plaintiff's response in opposition, Pl.'s Resp. Opp'n Defs.' Mot. Summ. J. Based Class Membership ("Pl.'s Resp."), ECF No. 26, and defendant's reply, Def.'s Reply Pl.'s Resp. Def.'s Mot. Summ. J. Based Pl.'s Opt Out Engle Class ("Def.'s Reply"), ECF No. 31.

This motion for summary judgment centers on a single question: whether then-plaintiff Judith Uffner ("Mrs. Uffner") gained readmission to the Engle class after opting out in 1997.

1

If not, the plaintiff Jerome Uffner, as Personal Representative of the Estate of Judith Uffner ("Mr. Uffner"), cannot benefit from decertified class membership and, as a result, his claims are barred by the statute of limitations.

Because the question of whether Mr. Uffner is a member of the decertified Engle class is ultimately a matter of law and because Mr. Uffner's arguments for equity are unavailing, as discussed more fully in this memorandum, this Court **GRANTED** the defendant Philip Morris USA Inc.'s[1] ("Tobacco") motion for summary judgment.[2]  See Minute Entry, ECF No. 43.

## II.  BACKGROUND

---

[1] R.J. Reynolds Tobacco Co., formerly a party to this motion, has since reached a settlement agreement with Mr. Uffner.  Notice, ECF No. 32.

[2] In Mr. Uffner's response, Mr. Uffner requests that, were the Court to deem it necessary, he be given the opportunity to petition the state court for a ruling affirming or granting the Uffners' petition for readmission. Pl.'s Resp. 5 n.3.  It is the Court's understanding that such a petition was made just prior to the motion hearing in this Court on April 3, 2014, and that the petition in state court was denied.  It is unclear why Mr. Uffner had not attempted to resolve this issue sooner, given that this case has been pending since 2008.  In any event, this Court declines to stay these proceedings or otherwise grant Mr. Uffner any leave to secure a state court ruling affirming or granting a petition for readmission.  This decision accords with the Court's unflagging obligation to exercise jurisdiction given to it, its active role in managing cases on its docket, and its duty, under Rule 1 of the Federal Rules of Civil Procedure, to keep cases on track for a just and speedy determination.  See Fed. R. Civ. P. 1; Ambrosia Coal & Constr. Co. v. Pages Morales, 368 F.3d 1320, 1328 (11th Cir. 2004) (discussing federal courts' limited ability to abstain for the purpose of avoiding duplicative litigation with state courts); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997).

### A.   Procedural History

This Engle-progeny case was activated as part of Wave Five

on August 1, 2013.[3]   In Re Engle Cases, No. 3:09-cv-10000, Master

Docket ("Master Docket"), Mem. and Order, Aug. 1, 2013

("Activation Order"), ECF No. 1120.   Tobacco moved for summary

judgment based on Mr. Uffner's lack of membership in the

decertified Engle class on February 3, 2014.   Defs.' Mot.   Mr.

Uffner filed a memorandum in opposition on February 17, 2014.

Pl.'s Resp.   Tobacco filed a reply to Mr. Uffner's opposition on

February 24, 2014.   Def.'s Reply.   Finally, on April 3, 2014, a

motion hearing was held on this matter.   Minute Entry, Apr. 8,

2014, ECF No. 43.

### B.   Facts

The key dispute in this case is whether Mr. Uffner is still

a member of the decertified Engle class, so as to allow Mr.

Uffner to reap one of the main benefits of membership — a

tolling of the statute of limitations.   The parties do not

dispute that Mr. and Ms. Uffner (collectively, the "Uffners")

---

[3] The Court refers to the cases filed pursuant to the
Florida Supreme Court's opinion in Engle v. Liggett Group, Inc.,
945 So. 2d 1246 (Fla. 2006), as "Engle-progeny cases."   The
court there decertified a statewide class of smokers and their
survivors, but allowed members of the decertified class a one-
year grace period in which to file individual lawsuits.   Id. at
1277.   For a detailed history of the Engle litigation, see Brown
v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1326-29 (11th Cir.
2010) and Waggoner v. R.J. Reynolds Tobacco Co., 835 F. Supp. 2d
1244 (M.D. Fla. 2011).

executed a written notice to the _Engle_ court requesting
exclusion from the class on July 15, 1997.  Defs.' Mot. 3;
Defs.' Mot., Ex. G, Request Exclusion Class Action ("Excl.
Request"), ECF No. 24-7; Pl.'s Resp. 1.  The parties also agree
that the Uffners filed a petition for readmission into the class
action suit on June 3, 1999.  Defs.' Mot. 3; Defs.' Mot., Ex. H,
Pet. Re-Admis. Class Action Suit ("Pet. Re-Admis."), ECF No. 24-
8; Pl.'s Resp. 3.  In dispute, however, is whether the Uffners
were ever readmitted to the class.

   Turning first to the record of the Uffners' case and its
procedural history in state court: On April 23, 1996, the
Uffners brought an individual action in Miami-Dade County, which
was eventually dismissed in March 1997.  _See_ Defs.' Mot. 2;
Defs.' Mot., Ex. C, Order Dismissal Without Prejudice, ECF No.
24-3.  On December 31, 1996, the Uffners brought another action
in Broward County.  Defs.' Mot. 2.

   In the interim, on November 21, 1996, the _Engle_ trial court
directed that notice be provided to potential class members so
that they could secure exclusion from the class upon written
request.  Defs.' Mot., Ex. E, _Engle_ Order Class Notice ("Class
Notice Order") 13, ECF No. 24-5.  A legal notice in accordance
with this order was published, informing the public in pertinent
part:

> The judgment(s) in this Cause shall be binding on all
> class members unless you advise the Court in writing
> and signed by you that you wish to be excluded . . .
> If you exclude yourself from the Engle class action by
> the postmarked deadline, you will not be bound by the
> class judgment(s), you will not share in any class
> recovery and you may pursue any individual claim you
> have through private counsel at your own expense.

Id. at 16.  The deadline for submission of such requests was
ultimately established as July 15, 1997.  Defs.' Mot., Ex. F,
Order Adequacy Class Notice ("Class Notice Adequacy Order"), ECF
No. 24-6.  The Uffners' written and signed request for exclusion
was hand delivered to the court and filed on that date.  See
Excl. Request.

While the Uffners' Broward County suit was pending, other
individuals who had opted out of the Engle litigation petitioned
that court for readmission to the class.  The Engle court
granted these petitions for readmission on May 11, 1999.[4]  Pl.'s
Resp., Ex. 2, Order Granting Certain Pet'rs Mots. Re-Admis.
Class ("Readmis. Order"), ECF No. 26-2.  Following the May 11
order, a May 24 hearing presided over by Judge Kaye included
limited discussion entertaining the possibility of sending out
another order to readmit all applicants whose petitions for
readmission were pending at that time.  Pl.'s Resp., Ex. 5, Hr'g

---

[4] Only Brown and Williamson Tobacco Corporation, prior to
its acquisition by R.J. Reynolds Tobacco Co., objected to
petitioners' readmission.  Pl.'s Resp., Ex. 1, Defs.' Br. Eleven
Pets. Re-Admis. Engle Class 1-2, ECF No. 26-1.

Rosenblatt Abandons Mot. Rebuttal Testimony ("Judge Kaye Hr'g Tr.") 29-33, ECF No. 26-5.

Finally, on June 3, 1999, the Uffners filed for readmission.  Pet. Re-Admis.  Following this filing, on June 10, the Uffners' pending action in Broward County was dismissed without prejudice for reasons related to the withdrawal of the Uffners' counsel.[5]  Pl.'s Resp. 3; Pl's. Resp., Ex. 6, Order Dismissal Without Prejudice ("Broward Dismissal Order"), ECF No. 26-6.  Neither party has produced a court order addressing the June 3 readmission filing, although Mr. Uffner maintains that, according to the Miami-Dade County Clerk's Office, the Engle trial docket is an incomplete record due to (among other things) hurricanes and flooding.  Pl.'s Resp. 3.  Mr. Uffner also maintains a subjective belief that he and his late wife were readmitted to the class, citing in part their receipt of compensation from the Engle Trust Fund.[6]  Pl.'s Resp., Ex. 7, Decl. Jerome Uffner ("Uffner Decl."), ECF No. 26-7.

---

[5] The dismissal came as a result of the defendant's motion to dismiss based on "Plaintiffs' failure to have substitute counsel file a Notice of Appearance . . . or to file and serve a Notice of Intent to Proceed Pro Se," Pl.'s Resp., Ex. 6, Order Dismissal Without Prejudice, ECF No. 26-6, after the Uffners' counsel of record successfully withdrew from that case on February 25, see Pl.'s Resp., Ex. 3, Order Granting Mot. Withdraw ("Mot. Withdraw Order"), ECF No. 26-3.

[6] It is unclear from the record provided by both parties when the Uffners filed for, and began to receive, Engle Trust Fund disbursements.

The history of the Uffners' case then jumps to 2008, when the Uffners brought this action as part of a mass joint complaint filed in state court.  Pl.'s Resp., Ex. 8, <u>Smith</u> v. <u>R.J. Reynolds Tobacco Co.</u> No. 16-2008-CA-000570 Compl., ECF No. 26-8.  The action was removed to federal court pursuant to the Class Action Fairness Act in February 2008, Defs.' Mot., Ex. I, Notice Removal Civil Action, ECF No. 24-9, and was activated on August 1, 2013, <u>see</u> Activation Order.

Fact depositions were authorized to begin November 18, 2013, Master Docket, Case Management Order ("Case Management Order") 5, Nov. 1, 2013, ECF No. 1215, and fact discovery in the Uffners' case began December 1, 2013, Pl.'s Resp. 6.  Mr. Uffner filed an amended complaint seeking to pursue this case as a wrongful death case in September 2013, following Mrs. Uffner's passing in August 2013.  Am. Compl., ECF No. 4.  On December 6, 2013, Mr. Uffner gave deposition testimony regarding his wife's diagnosis in 1994.  Defs.' Mot., Ex. B, Videotape Dep. Jerome Uffner 234:23-237:19, ECF No. 24-2.  Mr. Uffner testified that he was present when his wife's radiologist informed Mrs. Uffner that her esophageal cancer was the result of her cigarette smoking.  <u>Id.</u> at 235:15-25.  Mr. Uffner further testified that the doctor stated that the cancer was "probably a direct result of her smoking."  <u>Id.</u> at 236:12-20.  This testimony is corroborative of Mrs. Uffner's fact worksheet, where she

certified that she was diagnosed with stomach and esophageal cancer in 1994, and that she had been treated for these allegedly smoking-related illnesses since 1991.  Defs.' Mot., Ex. A, Pl.'s Fact Worksheet, ECF No. 24-1.

## III. ANALYSIS

### A.   Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Galvez v. Bruce, 552 F.3d 1238, 1241 (11th Cir. 2008).

In considering a summary judgment motion, the Court must remember that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Thus, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id.; see also Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1280 (11th Cir. 2004) ("All reasonable doubts about the facts should be resolved in favor of the non-movant." (quoting Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999))).  Moreover, "although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the

jury is not required to believe." <u>Reeves</u> v. <u>Sanderson Plumbing</u>
<u>Prods., Inc.</u>, 530 U.S. 133, 151 (2000).

"The party moving for summary judgment 'bears the initial
responsibility of informing the district court of the basis for
its motion.'" <u>Josendis</u> v. <u>Wall to Wall Residence Repairs, Inc.</u>,
662 F.3d 1292, 1314-15 (11th Cir. 2011) (quoting <u>Celotex Corp.</u>
v. <u>Catrett</u>, 477 U.S. 317, 323 (1986)).  The ultimate inquiry is
"whether the evidence presents a sufficient disagreement to
require submission to a jury or whether it is so one-sided that
one party must prevail as a matter of law." <u>Anderson</u>, 477 U.S.
at 251-52.  Additionally, summary judgment is particularly
appropriate where the parties present only questions of law on
an issue and no disputed facts.  <u>See Saregama India Ltd.</u> v.
<u>Mosley</u>, 635 F.3d 1284, 1290 (11th Cir. 2011).

If, after having reviewed the record through the prism of
Federal Rule of Civil Procedure 56, "the record taken as a whole
could not lead a rational trier of fact to find for the non-
moving party," summary judgment ought be granted.  <u>Jackson</u>, 372
F.3d at 1280 (quoting <u>Matsushita Elec. Indus. Co.</u> v. <u>Zenith</u>
<u>Radio Corp.</u>, 475 U.S. 574, 587 (1986)) (internal quotation marks
omitted).

**B.   <u>Engle</u> Class Membership and the Statute of Limitations**

Pursuant to Florida Statute section 95.11, <u>Engle</u> personal
injury actions must be brought within four years of the time of

9

accrual.  See Fla. Stat. § 95.11(3); Liggett Group Inc. v.
Engle, 853 So. 2d 434, 453 n.23 (Fla. 3d DCA 2003), rev'd on
other grounds, 945 So. 2d 1246 (Fla. 2006).  But see Taylor v.
R.J. Reynolds Tobacco Co., 441 F. App'x 664, 665 (11th Cir.
2011) (noting that the statute of limitations for wrongful death
actions – as opposed to personal injury actions – is two years
rather than four (citing Fla. Stat. § 95.11(4)(d))).  A claim for
wrongful death is time-barred where a claim for personal injury
by the decedent would be time-barred.  See Hudson v. Keene
Corp., 445 So. 2d 1151, 1152 (Fla. 1st DCA 1984), aff'd, 472 So.
2d 1142 (Fla. 1985).  Accrual begins for a latent or creeping
disease caused by long-term exposure to a product when "the
accumulated effects of the deleterious substance manifest
themselves to the claimant in a way which supplies some evidence
of [a] causal relationship to the manufactured product."  Carter
v. Brown & Williamson Tobacco Corp., 778 So. 2d 932, 937 (Fla.
2000) (internal punctuation and quotation marks omitted).

     Regardless of these statutes of limitations, however, the
Florida Supreme Court's decision in Engle granted individual
plaintiffs within the decertified Engle class one additional
year from the date of the decision to file an individual action.
Engle v. Liggett Group, Inc., 945 So. 2d 1246, 1277 (Fla. 2006)
("Engle III").  Class membership was defined by the Court as all
Florida residents fitting the class description included in the

trial court's order dated November 21, 1996.  Id.  As noted above, that order, in tandem with a subsequent order, provided explicit instructions and warnings to individuals interested in excluding themselves from the Engle class, allowing them to do so by July 15, 1997.  See Class Notice Order; Class Notice Adequacy Order.

Florida courts have rejected the argument that Engle III extended to those who opted out of the class the same one-year grace period given to those who remained in the class at the time it was decertified.  See, e.g., Roughton v. R.J. Reynolds Tobacco Co., 129 So. 3d 1145, 1149-50 (Fla. 1st DCA 2013); Gaff v. R.J. Reynolds Tobacco Co., 129 So. 3d 1142, 1144 (Fla. 1st DCA 2013); see also Yon v. R.J. Reynolds Tobacco Co., 129 So. 3d 1215 (Fla. 1st DCA 2014) (per curiam affirmance); Walden v. R.J. Reynolds Tobacco Co., 128 So. 3d 966 (Fla. 1st DCA 2013) (same). One intermediate-level Florida court – the only such court directly to address this issue at the time of this writing – applied this principle specifically to parties who had opted out and then subsequently sought (but were not officially granted) readmission to the class.  See Gaff, 129 So. 3d at 1144 (analogizing to the necessity of securing a court order for a non-party rejoining an action under Fla. R. Civ. P. 1.250(c), as well as an intervening party under Fla. R. Civ. P. 1.230).

C.  **Application to Uffner**

### 1.   **Engle** **Class Membership and the Limitations Period**

The applicable substantive law identifies which facts are material and which are irrelevant in this case, and is thus the guiding force in determining whether a genuine issue of material fact exists. See Anderson, 477 U.S. at 248.  In the instant action, this Court is bound to follow the Florida District Court of Appeals, the intermediate state appellate court, "unless there is persuasive evidence that the [Florida Supreme Court] would rule otherwise." See, e.g., Bravo v. United States, 577 F.3d 1324, 1325 (11th Cir. 2009) (quoting King v. Order of United Commercial Travelers of Am., 333 U.S. 153, 158 (1948)) (internal quotation marks omitted); Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1348 (11th Cir. 2011).

In the absence of persuasive evidence that Florida's highest court would rule otherwise,[7] the First District Court of Appeal's holdings rejecting implicit Engle class readmission are binding authority on this Court.[8] See Gaff, 129 So. 3d at 1144;

---

[7] A diligent search of Florida class action law — including restatements of law, treatises, and law review commentary — has not revealed any clear alternative to the approach taken by the First District Court of Appeal.  See Bravo, 577 F.3d at 1326.

[8] Mr. Uffner's assault on per curiam affirmances, see Pl.'s Resp. 6 n.4, is unfounded.  See Foley v. Weaver Drugs, Inc., 177 So. 2d 221, 224 (Fla. 1965) ("Nor is there any legal distinction between the effect of a per curiam decision without opinion, and one that is supported by an opinion, so that one is not entitled to and should not be given any more 'verity' than the other.") Mr. Uffner does not lobby this particular Court to readmit his

see also Bravo, 577 F.3d at 1326; Insurance Co. of N. Am. v.
Lexow, 937 F.2d 569, 571 (11th Cir. 1991); Pardo v. State, 596
So. 2d 665, 666 (Fla. 1992) (declaring that "[t]he decisions of
the district courts of appeal represent the law of Florida
unless and until they are overruled by [the Florida Supreme
Court].")  The court in Gaff, facing a scenario nearly identical
to that of the Uffners, held that: (1) motions seeking
readmission should not be deemed implicitly granted because the
Engle trial court had explicitly granted other similar motions
for readmission; (2) motions to rejoin the Engle class do not by
themselves confer party status on the movant; and (3) that the
limitations period began to run when the opt-out statement was
filed.  See 129 So. 3d at 1144-45.  Applying Gaff, the absence
of any evidence that Mrs. Uffner's petition for readmission to
the class was affirmatively granted means that Mr. Uffner's
claims are not graced by Engle class membership status;
consequently, the four-year statute of limitations for personal

---

case into the Engle class, and does not raise choice of law
issues.  The Court declines to do so sua sponte.  The Court
does, however, pause to reflect on the reasoning behind adopting
the approach taken in Gaff, which relies heavily on the Florida
Rules of Civil Procedure.  See 129 So. 3d at 1144.  Engle is
fundamentally a creature of Florida law, and federal courts in
Engle-progeny cases have consistently applied Florida Law as the
"law of the case."  Furthermore, it is appropriate that parties'
attempts to opt in or out of the Florida class in the past, in
state courts pursuant to state law, should be evaluated ex post
in accordance with state law.

injury actions began running when Mrs. Uffner opted out of the Engle class on July 15, 1997 — expiring well before the filling of the current action in 2008.  See id. (citing Totsi v. City of Los Angeles, 754 F.2d 1485, 1489 (9th Cir. 1985)); Roughton, 129 So. 3d at 1150.

Mr. Uffner attempts to distinguish Gaff and avert summary judgment by arguing that there is a triable issue of fact regarding whether Mrs. Uffner's petition for readmission to the Engle class was ever actually decided by that court.  See Pl.'s Resp. 6.  This argument, however, is unavailing.  The law is clear that Engle's one-year grace period for filing individual suits only applies to those who were actually members of the class at the time it was decertified.  Given Gaff's clear statement as matter of law that a petition for readmission to the class that has not been acted on by the court cannot by itself entitle one to membership in the class, the determinative factual issue here is whether Mrs. Uffner's petition for readmission was actually accepted.  Because the statute of limitations is an affirmative defense for which the defendant bears the burden of proof, Tobacco (as the defendant and the moving party) is required to make an affirmative showing that no reasonable jury could find for Mr. Uffner on this issue.  See United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Counties in State of Ala., 941 F.2d 1428, 1438 (11th

Cir. 1991); accord Addicks Servs., Inc. v. GGP-Bridgeland, LP, 596 F.3d 286, 293 (5th Cir. 2010).

The Court rules that Tobacco has met this burden: even given all the inferences this Court is required to draw in his favor, see Anderson, 477 U.S. at 255, the record does not reasonably support Mr. Uffner's position. See Four Parcels, 941 F.2d at 1438 (requiring the nonmoving party to respond with "significant, probative evidence demonstrating the existence of a triable issue of fact" when the moving party satisfies its burden). First, Mr. Uffner's argument by analogy to other "identical" readmitted plaintiffs, Pl.'s Resp. 7-8, ultimately fails - not only because the Uffners are not included in that order for readmission, but also because the language of the order itself declares that readmission is a "discretionary matter to [be decided] on a case by case basis," further noting that "no hard fast rule applies." Readmis. Order 2. Mr. Uffner's reference to Judge Kaye's hearing is also unconvincing, primarily because the discussion in that hearing focused on then-pending motions (the Uffners' readmission request had not yet been filed), and because no ruling was made on the record.[9] Pl.'s Resp. 7-9; Judge Kaye Hr'g Tr. 29-33.

---

[9] Several other statements work to disassociate the discussion during that hearing from anything having to do with the Uffners' case. The court there appears to be discussing plaintiffs with cases pending in Orlando, not Broward County,

Second, Mr. Uffner's contention that dismissal of the Broward County action is probative of readmission is similarly unavailing. As discussed supra, the dismissal appeared to be involuntary, as it came as a result of a motion filed by the defendants for failure to obtain new counsel or properly proceed pro se. See Broward Dismissal Order. More importantly, nothing in the record suggests that dismissal of an individual case, standing alone, suffices to show readmission to the class.[10] See Pl.'s Resp. 9.

Finally, Mr. Uffner's claims that portions of the Engle docket were lost, that membership is evidenced by Engle Trust Fund payments, and that Mr. Uffner subjectively believes

---

where the Uffners' state claim was filed, or Miami-Dade County, where the Uffners' readmission petition was filed. See Judge Kaye Hr'g Tr. 30. The court also distinguished the parties being discussed at the hearing from other individuals represented by the Uffners' counsel in the Broward County action: Judge Kaye noted that the latter group had formally opted out of the Engle class, while the opt-out status of the former group was unclear. See Mot. Withdraw Order; Judge Kaye Hr'g Tr. 30. Finally, the court's language, as well as that of defense counsel, is consistently conditional. No firm decisions appear on record, with the court even stating "I don't know how many other law firms have clients like this . . . I don't know where we're going with it." See Judge Kaye Hr'g Tr. 32.

[10] Even assuming defendants' blanket acceptance of those seeking reentry to the Engle class, which is not clearly established by the record, the court took no action to make readmission automatic. For example, Judge Kaye's statement that "if [a litigant who had opted out of the class wants] to come in, [she has] got to dismiss it" does not equate to his ruling that readmission is automatic if the pending individual case is dismissed. See Judge Kaye Hr'g Tr. 32.

readmission was granted, even when viewed favorably, do not provide "specific facts showing that there is a genuine issue for trial." See Matsushita, 475 U.S. at 586-87 (discussing what a nonmoving party must show once the moving party has met its burden).  Mr. Uffner "must do more than simply show that there is some metaphysical doubt as to the material facts."  Id.

Mr. Uffner's assertion that Engle trial docket records are incomplete due to hurricanes and flooding – purportedly explaining why there is no record of Mrs. Uffner's petition for readmission being addressed by the court - offers nothing specific to the Uffners' case documents and goes unsubstantiated in the record, and therefore does not make the required showing. See Pl.'s Resp. 3, 9.  In addition, Mr. Uffner's subjective belief, supported by the presumed receipt of Engle Trust Fund payments, does not give rise to a genuine issue of material fact.  See Def.'s Reply, Ex. 1, Dep. Mr. Uffner 23:24-24:18, ECF No. 31-1.  The substantive law limits the range of permissible inferences from ambiguous evidence, and "an inference based on speculation and conjecture is not reasonable."  Blackston v. Shook & Fletcher Insulation Co., 764 F.2d 1480, 1482 (11th Cir. 1985); see also Matsushita, 475 U.S. at 586-87.  It is not clear from the record whether the Uffners received payments after opting out in 1997, and only speculation exists to support a relationship between Engle Trust Fund application or

disbursement and class readmission.[11] See Anderson, 477 U.S. at
249-50 (explaining that if evidence is merely colorable, or not
significantly probative, summary judgment may be granted); Ellis
v. England, 432 F.3d 1321, 1326 (11th Cir. 2005) ("[M]ere
conclusions and unsupported factual allegations are legally
insufficient to defeat a summary judgment motion.").
Ultimately, Mr. Uffner's resort to bare assertions and arguments
by analogy to the facts of other cases fails to show the
existence of any genuine issue of fact relating to the statute
of limitations defense in his own case; accordingly, summary
judgment must be granted.

### 2.   Laches and Equitable Estoppel

Mr. Uffner's assertion that the doctrine of laches and the
doctrine of equitable estoppel preclude Tobacco's motion and
statute of limitations defense is also without merit.[12] See
Pl.'s Resp. 10-16.

---

[11] Mr. Uffner's Declaration notes that name, address, date
of birth, dates of Florida residency, and dates of disease
diagnosis/manifestation were provided to the Engle Trust Fund.
Uffner Decl. 3.  The Engle Trust Fund Registration Form does not
appear to ask for anything other than basic information required
to establish an individual's inclusion in the original Engle
class.  See Def.'s Reply, Ex. 2, Engle Trust Registration Form,
ECF No. 31-2.  Accordingly, because the form does not ask any
questions pertaining to opting out or gaining readmission to the
class, no reasonable inference can be drawn between receipt of
funds and proper readmission.

[12] In keeping with this Court's "law of the case" approach
to "matters already addressed and resolved" by federal Engle-

Laches is an equitable doctrine, available as an affirmative defense based upon unreasonable delay in enforcing a right, coupled with a disadvantage to the person against whom a right is sought to be asserted.[13] See Van Meter v. Kelsey, 91 So. 2d 327, 330-31 (Fla. 1956); accord AmBrit, Inc. v. Kraft, Inc., 812 F.2d 1531, 1545 (11th Cir. 1986); Environmental Def. Fund, Inc. v. Alexander, 614 F.2d 474, 478 (5th Cir. 1980). Laches is fundamentally a shield, and has no application where, as here, plaintiff attempts to use it as a sword. See Corona Props. of Florida, Inc. v. Monroe Cnty., 485 So. 2d 1314, 1318 (Fla. 3d DCA 1986); accord Northern Pac. Ry. Co. v. United

---

progeny courts, Activation Order 2, and in recognition of the interrelatedness between Florida's statute of limitations periods and closely related questions of tolling and application, equitable principles enshrined in Florida law are the Court's primary guide in exercising its equitable power. See Wilson v. Garcia, 471 U.S. 261, 269 (1985); Starling v. R.J. Reynolds Tobacco Co., 845 F. Supp. 2d 1215, 1240-41 (M.D. Fla. 2011) (applying Florida equitable tolling case law); see also Aruanno v. Martin Cnty. Sheriff, 343 F. App'x 535, 537 & n.2 (11th Cir. 2009) (citing Florida law in relation to equitable tolling); accord Bechler v. Kaye, 222 F.2d 216, 219 (10th Cir. 1955) (declaring that state substantive law controls the defense of laches (citing Guaranty Trust Co. of New York v. York, 326 U.S. 99 (1945))).

[13] The defendant who seeks to assert this doctrine must prove (1) conduct on the part of the defendant giving rise to the situation of which complaint is made; (2) failure of the plaintiff, having had knowledge or notice of the defendant's conduct, to assert his rights by suit; (3) lack of knowledge on the part of the defendant that plaintiff will assert the right on which he bases his suit; and (4) injury or prejudice to the defendant in the event relief is accorded to the plaintiff. Van Meter, 91 So. 2d at 330-31.

States, 277 F.2d 615, 624 (10th Cir. 1960) ("[L]aches is available only as a bar to affirmative relief.  It cannot be invoked by plaintiff to bar rights asserted by defendant merely by way of defense.").

This Court, clothed with broad discretion, see Alexander, 614 F.2d at 478, thus rules Mr. Uffner's invocation of laches to be untenable.  Even assuming, arguendo, that the protection provided by laches doctrine extends to prosecuting parties faced with defense motions, which is not established by any authority Mr. Uffner cites, Tobacco's behavior in the instant case does not warrant its invocation.  See Pl.'s Resp. 10-11.  Tobacco is not responsible for prejudice caused by the timing mechanisms inherent in Engle case management and activation orders, nor is Tobacco responsible for keeping the records of the convoluted procedural history of the Uffners' case.  See Pl.'s Resp. 1-4; cf. Starling v. R.J. Reynolds Tobacco Co., 845 F. Supp. 2d 1215, 1241 & n.10 (M.D. Fla. 2011) (Dalton, J.) (commenting that it "is the parties' responsibility to preserve all causes of action and to protect their respective rights," and that "Plaintiffs sleep on their rights at their peril").  Tobacco filed this timely motion pursuant to the instructions laid out in the Court's activation order and case management order, see Activation Order; Case Management Order, and the Court finds

20

nothing of record regarding the parties' dealings that would otherwise sustain relief under the doctrine of laches.

Lastly, Mr. Uffner appeals to the doctrine of equitable estoppel. This doctrine may deflect a statute of limitations where one party lulls another party into a disadvantageous legal position. See Major League Baseball v. Morsani, 790 So. 2d 1071, 1076-77 (Fla. 2001); Alachua Cnty. v. Cheshire, 603 So. 2d 1334, 1337 (Fla. 1st DCA 1992) ("A party will be estopped from asserting the statute of limitations defense to an admittedly untimely action where his conduct has induced another into forbearing suit within the applicable limitations period."). Mr. Uffner's attempt to deflect the statute of limitations by employing this doctrine is, once again, unsubstantiated. Nothing in the record between the Uffners' opt-out filing and July 15, 2001, the date Mr. Uffner concedes the statute of limitations would have run, supports the conclusion that Tobacco wrongfully induced detrimental reliance. See Pl.'s Resp. 15; Morsani, 790 So. 2d at 1078 ("A prime purpose of the doctrine of equitable estoppel . . . is to prevent a party from profiting from his or her wrongdoing"). The only conduct Mr. Uffner alleges triggers this doctrine is Tobacco's failure in 1999 to challenge Mrs. Uffner's petition for readmission to the Engle class. See Pl.'s Resp. 15. Unsurprisingly, Mr. Uffner cites no authority in support of the premise that Tobacco had an

affirmative duty to challenge, or otherwise bring to light, defects in the Uffners' claims — particularly defects brought about by the Uffners' voluntary actions. See Pl.'s Resp. 13-16. Accordingly, this Court declines to apply the doctrine of equitable estoppel to prevent Tobacco from arguing in favor of summary judgment here.

## IV.   CONCLUSION

For the aforementioned reasons, this Court **GRANTED** defendant Philip Morris USA Inc.'s motion for summary judgment, ECF No. 24 on April 3, 2014. See Minute Entry, ECF No. 43.

WILLIAM G. YOUNG[14]
DISTRICT JUDGE

---

[14] Of the District of Massachusetts, sitting by designation.